UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| ANTHONY B. FREEMAN, | ) | CASE NO. 09-12732-WHD |
| | ) | |
| DEBTOR. | ) | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| GUY G. GEBHARDT, | ) | |
| ACTING UNITED STATES TRUSTEE, | ) | |
| | ) | |
| MOVANT | ) | |
| | ) | |
| -vs- | ) | CONTESTED MATTER |
| | ) | |
| ANTHONY B. FREEMAN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

## MOTION TO DISMISS

COMES NOW Guy G. Gebhardt, Acting United States Trustee for Region 21, and respectfully moves this Court to dismiss this case pursuant to Bankruptcy Code section 1112. In support of his motion, the United States Trustee shows as follows.

STATEMENT OF CAUSE

1.

Cause exists for the Court to dismiss or convert this case because -

A.  the debtor is delinquent in filing and transmitting required reports and

B.  the debtor is delinquent in paying fees to the United States Trustee.

INTRODUCTION AND STATEMENT OF FACTS

2.

The debtor commenced this case on August 3, 2009, by filing a petition for relief under chapter 11 of the United States Bankruptcy Code.

3.

On March 1, 2011, the Court entered an order confirming the debtor's plan.

4.

Although the debtor has submitted reports to the Office of the United States Trustee, the docket for this case shows he has not filed reports for the months of June 2011 through October 2012.

5.

The debtor has neither filed nor submitted to the United States Trustee reports for the months of November 2012 or December 2012.

6.

It appears the debtor owes delinquent quarterly fees totaling $3,267.49.

CITATION OF AUTHORITY

7.

Bankruptcy Code section 704(a)(8) requires the debtor file with the Court and the United States Trustee periodic reports and summaries of the operation of his business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the Court requires.

8.

Federal Rule of Bankruptcy Procedure 2015(a) directs chapter 11 debtors-in-possession to file the reports and summaries required by section 704(a)(8).

9.

The United States Trustee is responsible for ensuring all reports, schedules, and fees required to be filed by a debtor are properly and timely filed, monitor the progress of the case, and take the necessary action to prevent undue delay in such progress. 28 U.S.C. § 586 (a)(3)(D) and (G).

10.

Accordingly, the United States Trustee for Region 21 has established Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees ("the Guidelines"). Every chapter 11 debtor receives a copy of the Guidelines at the beginning of the case and thereby receives written notice of the obligation to file monthly operating reports in a timely manner. The Guidelines explicitly state that compliance is essential and that the debtor's failure to comply may result in the United States Trustee filing a motion to dismiss or convert the case, a motion for appointment of a chapter 11 trustee or an examiner, or a motion for sanctions.

11.

Bankruptcy Local Rule 3022-1(a) provides that in each calendar quarter in which fees are due under 28 U.S.C. § 1930(a)(6), the debtor in possession shall file and transmit to the United States Trustee the quarterly statement of disbursements and fees paid as required by Bankruptcy Rule 2015(a)(5)

12.

Section 589a of title 28 of the United States Code establishes the United States Trustee System Fund (Fund) which allows for self-funding of the United States Trustee Program. The Fund receives deposits from several sources, including chapter 11 quarterly fees.

13.

Section 1930(a)(6) of the United States Code (28 U.S.C. §1930(a)(6)) prescribes "quarterly fees" that are to be paid by chapter 11 debtors to the United States Trustee Program. In essence, quarterly fees accrue throughout the pendency of a chapter 11 reorganization case (i.e., until the case is closed, dismissed, or converted to another chapter) and are payable on a quarterly basis, 30 days following the end of each calendar quarter. "The amount of the quarterly fee [is] calculated according to a graduated scale based on the total sum of disbursements" as specified in §1930(a)(6). "Disbursements" include all pre- and post-confirmation payments made by or on behalf of the debtor, including routine operating expenses. See, e.g., *Tighe v. Celebrity Home (In re Celebrity Home Entertainment, Inc.)*, 210 F.3d 995 (9th Cir. April 21, 2000).

14.

Bankruptcy Code section 1112(b)(1) provides that:

... on request of a party in interest, and after notice and a hearing, absent unusual circumstances.....the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

15.

Section 1112(b)(4) provides in part that the term "cause" includes unexcused failure to satisfy timely any filing or reporting requirements established by the Bankruptcy Code or any rules governing bankruptcy cases; failure to timely provide information reasonably requested by the United States Trustee; and failure to pay any fees or charges required under chapter 123 of title 28.

16.

Bankruptcy Code section 1112 provides that, except as provided in section 1104(a)(3), if the party moving for dismissal or conversion establishes cause, absent unusual circumstances specifically identified by the Court that establish that the requested dismissal or conversion is not in the best interests of creditors and the estate, the Court shall dismiss or convert the case to chapter 7, whichever is in the best interest of creditors and the estate.  11 U.S.C. § 1112(b)(1).[1]

17.

Once cause is established, relief is mandatory unless the debtor meets its burden under section 1112(b)(2).  *In re Kholyavka*, 2008 WL 3887653 at FN9.  Pursuant to section 112(b)(2), the debtor must demonstrate (A) reasonable likelihood of confirming a plan within the timeframes established by sections 1112(e) and 1129(e), if applicable; and (B) reasonable justification for the act or omission, other than under paragraph (4)(A)

---

[1] Section 1104(a)(3) provides that the Court shall order the appointment of a trustee if grounds exist to convert or dismiss the case under section 1112, but the Court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

[substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation] that will be cured within a reasonable period of time to be fixed by the Court.

18.

"Although section 1112 does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding." *In re Kent*, 2008 WL 5047799 at *6 (Bankr. N.D. Arizona), *In re Blixseth*, 2009 WL 1525994 (Bankr. D. Montana).

WHEREFORE, the United States Trustee requests the Court dismiss this case.

> GUY G. GEBHARDT
> Acting United States Trustee, Region 21
>
> *s/ Jeneane Treace*
> R. Jeneane Treace
> Georgia Bar No. 716620
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard B. Russell Building
> 75 Spring Street, S.W.
> Atlanta, Georgia  30303
> (404) 331-4437
> jeneane.treace@usdoj.gov

CERTIFICATE OF SERVICE

      I certify that on February 8, 2013, I served a copy of this motion by First Class United States Mail upon the following person-

Anthony B. Freeman
210 Standing Oak Place
Fayetteville, GA 30214

                                                *s/ Jeneane Treace*
                                                R. JENEANE TREACE
                                                Georgia Bar No. 716620
                                                United States Department of Justice
                                                Office of the United States Trustee
                                                362 Richard B. Russell Building
                                                75 Spring Street, S.W.
                                                Atlanta, Georgia  30303
                                                (404) 331-4437
                                                jeneane.treace@usdoj.gov